**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

CARLEST MATTHEWS JOHNSON                                                     PLAINTIFF
ADC #142752

V.                          NO: 5:12CV00042 BSM/HDY

JOSEPH HUGHES *et al.*                                                     DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Carlest Matthews Johnson, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint on January 30, 2012, alleging that he received inadequate medical care after he fractured his wrist playing football on or about February 25, 2010. Defendants Joseph Hughes, Marybeth Floyd, Corizon Inc., Crystal Sims, and Jennifer Horn, filed a motion for summary judgment, a statement of facts, and a brief in support, on August 9, 2012 (docket entries #84-#86). Plaintiff filed a response on August 23, 2012 (docket entry #87). Defendants filed a reply to Plaintiff's response on August 27, 2012 (docket entry #88).

### **I.  Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th. Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Defendants argue that Plaintiff failed to properly exhaust his administrative remedies with respect to his claims against Corizon, Hughes, and Sims, and that his claims against the other Defendants should be dismissed because neither was deliberately indifferent to Plaintiff's serious medical needs.

<u>Exhaustion</u>

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their claims that Plaintiff failed to exhaust his administrative remedies with

respect to his claims against Corizon, Hughes, and Sims, Defendants have provided the declaration of Wendy Kelley, the ADC's Deputy Director for Health and Correctional Programs (docket entry #84-3). According to Kelley, between January 30, 2009, and January 31, 2012, Plaintiff lodged 10 medical grievances: EA-10-1874, EA-11-900, EA-11-927, EA-11-1275, EA-11-1276, EA-11-1277, EA-11-1278, EAM12-27, EAM12-310, and EAM12-400.[1] Kelley relates that EA-11-927 was not appealed to her office, which is the final level of appeal for medical grievances. Although EA-11-1276 was initially accepted by Kelley's staff, she states that she rejected the appeal as untimely, and also noted that EA-10-1874 concerned the same treatment issue that Plaintiff was attempting to untimely raise.[2] Grievance EA-11-1278 was rejected at the unit level because Plaintiff had already filed his weekly limit of three grievances. Final grievance appeal decisions for EAM12-27, EAM12-310, and EAM12-400, were issued on May 9, 2012; after this lawsuit was filed. Thus, Plaintiff only properly exhausted four medical grievances before he filed this lawsuit: EA-10-1874, EA-11-900, EA-11-1275, and EA-11-1277. Grievance EA-10-1874 did not name any Defendant. Grievance EA-11-900 concerned a shoulder injury, which is not at issue in this lawsuit. In grievance EA-11-1275, Plaintiff asserts that Floyd did not take the proper steps to treat him, and Plaintiff alleges in grievance EA-11-1277 that "Janita" Horn fabricated a grievance response in order to cover up inadequate medical care.

The ADC's grievance policy requires inmate grievances to be specific as to, among other

---

[1] Defendants provided copies of the grievances (docket entry #84-4).

[2] Grievance EA-11-1276 did name Hughes, and Kelley's decision notes that the appeal was untimely, but also says the appeal is without merit. Even if Plaintiff is determined to have exhausted his claims against Hughes, he, like Floyd and Horn, would still be entitled to summary judgment due to the lack of medical evidence to indicate that Plaintiff's course of treatment was anything other than appropriate.

...

things, the personnel involved (docket entry #84-2, page #5). That requirement is on the grievance form itself. Thus, Plaintiff complied with and properly exhausted his claims against only Floyd and Horn, and the Court should examine the merits of his inadequate medical care claims against them.[3] Plaintiff's claims against all other Defendants should be dismissed because of his failure to properly exhaust his administrative remedies with respect to his claims against them before he filed this lawsuit. *See Jones v. Bock*, 549 U.S. 199, 218 (2007) (the question of whether proper exhaustion has been achieve turns on the specifics of the prison policy).

Inadequate medical care

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239.

Medical records provided by Defendants (docket entry #84-5) indicate that Plaintiff was first seen for his injury by a non-party nurse on March 9, 2010. At that time, an x-ray was scheduled for March 10, 2010, Plaintiff was given pain medication, a wrap, and a one day no duty restriction, and he was referred to a physician. Floyd first saw Plaintiff on April 7, 2010, and noted that the x-ray had not been conducted. Floyd re-ordered the x-ray, 800 milligram ibuprofen, and restricted Plaintiff to one-arm duty until May 5, 2010. Floyd did not see Plaintiff again until November 2, 2010, and noted that she would visit with a physician about his wrist. Floyd apparently did not see Plaintiff

---

[3] Although Plaintiff did not provide Horn's correct name in the grievance naming her, it is sufficiently specific as to the personnel involved to comply with ADC policy.

again, although Plaintiff saw a physician on December 2, 2010, and ultimately had surgery on March 7, 2011, to repair the non-union fracture.

Plaintiff contends that Floyd should have ensured that he saw a physician more quickly, rather than ordering another x-ray. In essence, Plaintiff is asserting that Floyd delayed appropriate medical care. Defendants have provided the affidavit of Michael E. Person, M.D., who offered his opinion that the medical care Plaintiff received was appropriate (docket entry #84-7). According to Dr. Person, fractures such as the one Plaintiff sustained often heal when immobilized, and clinical monitoring of them is appropriate. Dr. Person also indicated that Plaintiff's fracture would likely have healed had he not continued to play basketball after his injury.[4] In response, Plaintiff has offered no medical evidence to suggest the treatment was inappropriate, or of any detrimental effect from any delay in treatment. Accordingly, Floyd is entitled to summary judgment. *See Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) (when an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay).

Plaintiff faults Horn for responding to grievance EA-10-1874 by saying that his bones were in good alignment, and this grievance was without merit. Because Kelley later found that grievance to be with merit, Plaintiff reasons that Horn was deliberately indifferent to his medical needs. Although Kelley did find the grievance to be with merit, she did so because of delays involved with Plaintiff's x-rays and physicians visits, not because the care was inappropriate at the time. Kelley

---

[4] In his deposition, Plaintiff testified that he understood the problem with continuing to play basketball after his wrist injury (docket entry #84-6, page #19). Medical records indicate that Plaintiff continued to play basketball during the months that followed the injury (docket entry #84-5, pages #7, #9).

6

also conclude that Plaintiff's grievance was resolved. As discussed above, Dr. Person has stated that monitoring of a fracture like the one sustained by Plaintiff is appropriate, and such fractures may heal themselves. Plaintiff has offered no medical opinion to indicate the approach taken by the prison medical providers was inappropriate. Accordingly, Horn was not deliberately indifferent to Plaintiff's medical needs, and she is entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #84) be GRANTED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against Defendants Joseph Hughes, Corizon Inc., and Crystal Sims.

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendants Marybeth Floyd and Jennifer Horn.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __30__ day of August, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　
UNITED STATES MAGISTRATE JUDGE